UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:24-cv-2797 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| ROSEVILLE POLICE DEPARTMENT, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a county inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). However, for the reasons set forth below, the petition should be summarily dismissed because the court lacks jurisdiction over plaintiff's claims.

**I. Screening Standard**

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss

1

a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

**II. Background**

In the present petition, petitioner challenges a judgment of conviction entered on April 27, 2021, in the Placer County Superior Court, case number 62-152196, for assault with a deadly weapon. (ECF No. 1 at 1, 5.) Petitioner served time in custody from April 29, 2017, until October 21, 2020, and again from February 18, 2021, to May 28, 2022. (Id. at 1.) Petitioner asserts two grounds for relief as follows: his conviction was obtained by an unlawfully induced no contest plea (ground one) and counsel for the plea misinformed him of immigration consequences and failed to provide a translator (ground two). (Id. at 4-5.)

The court takes judicial notice of its records in a prior case filed by petitioner, Khademi v. Supreme Court of California, E.D. Cal. No. 2:23-cv-2122-CKD ("prior case"). See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"). The records in petitioner's prior case reflect that, as pertaining to case 62-152196, petitioner was discharged from parole on January 21, 2023. (No. 2:23-cv-2122-CKD, ECF No. 22-3 at 2.) The court also takes judicial notice of the online docket for two criminal cases currently pending against petitioner in the Placer County Superior Court, discussed further below. See Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

**III. Discussion**

A petition under 28 U.S.C. § 2254 requires that the petitioner be in custody pursuant to the conviction being challenged. 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional, and, therefore, "it is the first question" the court must consider. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). Custody means more than the fact of physical incarceration. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010) ("physical custody alone is insufficient to confer jurisdiction" and there must be "a nexus between the petitioner's claim and the unlawful nature of the custody"). A serious restraint on a petitioner's liberty, such as probation or parole status, meets the "in custody" requirement. See id.; Maleng v. Cook, 490 U.S. 488, 492 (1989).

However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

"[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 403 (2001) (citing Daniels v. United States, 532 U.S. 374, 382 (2001)). This rule is subject to three "possible" exceptions:

> First, the rule might be inapplicable "in a case where, 'after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner.'" Second, the rule might be inapplicable "where there was a failure to appoint counsel in violation of the Sixth Amendment[.] …. [A]nother exception to this rule may be available in "rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."

Roberts v. Broomfield, 637 F. Supp. 3d 872, 986 (E.D. Cal. 2022) (citations omitted). These "[e]xceptions to Lackawanna are seldom applied." Id. "Whatever such a petitioner must show to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition." Lackawanna, 532 U.S. at 406.

Petitioner does not allege the challenged prior conviction has adversely affected any new sentence. A search of the Placer County Superior Court's website[1] using petitioner's name yields results indicating he is a pretrial detainee on 2023 felony charges in Case No. 62-192738 and on 2023 misdemeanor charges in Case No. 62-194312. Thus, petitioner is currently held as a pretrial detainee.

Petitioner's challenge to his conviction in Placer County Superior Court Case No. 62-152196 lacks any nexus to his present custody, as required by the plain text of 28 U.S.C. § 2254(a). As set forth above, petitioner was discharged from parole on January 21, 2023. The

---

[1] This information is available online at https://www.placer.courts.ca.gov/online-services/online-portal, last visited 1/13/25.

3

instant action was constructively filed on October 4, 2024, subsequent to his discharge from parole. See Rule 3(d), Rules Governing Habeas Corpus Cases Under Section 2254.

Petitioner does not assert a nexus between case No. 62-152196 and the unlawful nature of his present custody as a pretrial detainee. To any extent petitioner would argue he may suffer collateral consequences on either pending criminal case from case No. 62-152196, that does not constitute a nexus between his claims and the unlawful nature of his present custody. A petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. Maleng, 490 U.S. at 493; see also Lackawanna, 532 U.S. at 403-04.

Because petitioner's parole was terminated prior to the filing of this action, and the challenged prior conviction has not adversely affected any new sentence that is the subject of the habeas petition, it is clear that none of the Lackawanna exceptions apply. The court is without jurisdiction to consider petitioner's claims in the petition. See Maleng, 490 U.S. at 492 ("once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); Bailey, 599 F.3d at 980 (section 2254(a)'s language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody").

**IV.  Order and Recommendation**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted.
2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be summarily dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, khad2797.scrn.fr